No. 242                 March 19, 2025                 165

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARIES MICHAEL HANNAH,
*Defendant-Appellant.*

Washington County Circuit Court
22CR61756; A181558

Beth L. Roberts, Judge.

Argued and submitted January 9, 2025.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. In his sole assignment of error, he argues that the trial court erred in admitting evidence of a prior altercation between defendant and the complainant. We conclude that the court did not err and, accordingly, affirm.

For three to four years, defendant rented half of a house from R, who lived in the other half of the house. One evening, R was working on his truck in the backyard and drinking a cup of hot cocoa, when defendant approached looking for his girlfriend. Defendant was "always accusing [R] of being with his female friends." Speaking in a suspicious tone but not yelling, defendant accused R of being involved with his girlfriend. When defendant came within about five feet of him, R got "scared" and threw the cup of now-lukewarm hot cocoa at defendant, hoping that he would leave. Instead, defendant slammed R to the ground and hit him more than once, causing physical injury. Defendant was charged with assault and harassment based on that incident, and he raised self-defense as a defense.

The issue on appeal pertains to certain testimony by R on direct examination. R testified, over defendant's objection, that, a week before the charged incident, defendant had accused R of lying about not knowing defendant's girlfriend and of hiding under the floor, shoved a ladder into R, and told R that "I'm going to kick your butt." Defendant objected to that testimony as inadmissible propensity evidence under OEC 404. In response, the state argued that it was admissible for the nonpropensity purpose of establishing R's "state of mind when he threw *** the cocoa," which it asserted was important because defendant was claiming self-defense. The court overruled the objection, stating that "the defense has raised this issue, and it goes to the state of mind of the complaining witness."

On appeal, defendant argues that R's state of mind was irrelevant, because only defendant's state of mind mattered for self-defense. That is, defendant relies on the principle that "a person's right to use force in self-defense depends

on the person's *own* reasonable belief in the necessity for such action, and not on whether the force used or about to be used on him actually was unlawful." *State v. Oliphant*, 347 Or 175, 191, 218 P3d 1281 (2009) (emphasis in original). Defendant argues that, absent a proper theory of relevance, the testimony about the prior altercation was simply inadmissible propensity evidence.[1]

The state maintains that the testimony was properly admitted. The state acknowledges that whether a defendant lawfully acted in self-defense ultimately depends on the defendant's state of mind, not the complainant's. It argues, however, that the prior altercation helped explain why R threw the hot cocoa at defendant as he approached, which had at least some relevance to whether defendant acted lawfully in self-defense by responding as he did, because defendant himself was also aware of the prior altercation. In other words, when defendant approached R in the backyard and accused him of being involved with defendant's girlfriend, and R reacted by throwing hot cocoa at defendant, defendant would have interpreted R's conduct in the context of knowing that, a week earlier, defendant had used physical force against R (shoving the ladder) and told R that he was going to kick his butt in conjunction with making a similar accusation. That context would have affected defendant's assessment of R's state of mind and what, if anything, R was likely to do next.

We agree with the state. Subject to certain exceptions not relevant here, "a person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose." ORS 161.209. Thus, as part of deciding whether defendant acted in self-defense in this case, the jury had to decide whether defendant reasonably believed that R throwing the hot cocoa at defendant was a

---

[1] Defendant also argues that there was a risk of confusing the jury as to the correct legal standard for self-defense, but we disagree that the mere fact of the evidence coming in risked confusing the jury, particularly because the jury did not hear the state's response to the objection or the basis for the court's ruling on the objection.

precursor to R's "imminent use of unlawful physical force" against defendant.

Although self-defense ultimately turns on the defendant's state of mind, that does not mean that the complainant's state of mind is categorically irrelevant. *See State v. Bement*, 284 Or App 276, 294, 391 P3d 838 (2017), *aff'd*, 363 Or 760, 429 P3d 715 (2018) (concluding that it was error to exclude evidence of the complainant's state of mind, where it suggested a motive to attack the defendant and thereby corroborated the defendant's claim of self-defense). Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. "That test sets a very low threshold for admissibility[.]" *Bement*, 284 Or App at 289 (internal quotation marks omitted).

Here, the reasonableness of defendant's belief that R's throwing of the hot cocoa signaled R's imminent use of unlawful physical force against defendant—versus it being an impulsive defensive action taken out of fear arising from defendant's recent threat of physical violence in conjunction with a similar accusation—was directly at issue. The jury could not properly assess the reasonableness of defendant's belief about the threat posed by R without stepping into defendant's shoes. Part of stepping into defendant's shoes was understanding what he knew about R and R's state of mind. The recent altercation would have affected both how R interpreted defendant's conduct (R's state of mind) and, by extension, how defendant interpreted R's reaction to defendant's conduct (defendant's state of mind).

In responding to defendant's objection at trial, the state could have provided a more complete explanation of the relevance of R's state of mind, or the trial court could have made a better record of its exact reasoning. But it is not uncommon for parties to use shorthand in discussing objections, and we understand both the prosecutor and the trial court to have been referring to R's state of mind *as relevant to defendant's state of mind*. The testimony was in fact relevant and admissible for that reason, without any use of propensity reasoning. *See State v. Stockton*, 310 Or App 116,

123, 483 P3d 657 (2021) (whether "other acts" evidence is relevant for a nonpropensity purpose is a question of law). The trial court did not err in overruling the objection.

Affirmed.